# Orwig v. Sakalas

C.P. of Monroe County, no. 8561 Civil 2005.

*Michael C. Deschler,* for plaintiff.
*Ronald Sakalas* and *Michelle Sakalas,* pro se.

CHESLOCK, *J.,* May 26, 2006—

## I. FINDINGS OF FACT

(1) Plaintiff, Gloria Orwig, is the record owner of real property known as 1103 Gum Road, Effort, Monroe County, Pennsylvania.

(2) On March 1, 2005, plaintiff, through her agent, Bruce Orwig, and defendants, Ronald Sakalas and Michelle Sakalas, entered into a written lease agreement for the premises at 1103 Gum Road, Effort, Monroe County, Pennsylvania for a term commencing March 1, 2005 and ending February 28, 2006.

(3) Defendants moved into the residence on February 20, 2006 with the agreement of plaintiff's agent, Bruce Orwig, and continue to live at the residence.

(4) At the time the lease commenced, plaintiff's agent, Bruce Orwig, indicated that the fireplace and certain other repairs would be made to the residence prior to the commencement of the term, March 1, 2005. However, defendants requested to move in early and the fireplace and several other repairs were not completed.

(5) The defendants continued to request that the fireplace in the residence be fixed to abate the cost of electric heat in the home.

(6) Several other repairs, including a separate electric breaker for the refrigerator, toilet repairs and an outlet for the stove were completed by plaintiff's agents.

(7) Despite these repairs, several other repairs were requested to be completed by the defendants, including sewer and drainage problems in the home and garbage and debris which were on the premises at the time the lease commenced.

(8) The defendants became sporadic in their payment of rent, which pursuant to the lease was $675 per month, and plaintiff claims the amount of $5,120 due and owing at the time of the non-jury trial in this matter on May 22, 2006.

(9) Pursuant to the terms of the lease, the rent includes water, sewage, and garbage removal, in normal amounts.

(10) The defendants agree that something is due and owing to the plaintiff; however, due to the numerous repairs and the lack of garbage disposal, this amount should be reduced.

(11) On November 15, 2005, the plaintiff commenced the instant action for full recovery of rent and possession of the premises.

## II. DISCUSSION

The plaintiff has commenced this action seeking to recover rent and possession of the leased premises from defendants. Although defendants do not dispute that there is something due and owing to plaintiff for rent of the leased premises, they argue that the leased premises is in extreme disrepair and several items which plaintiff agreed

to repair have not been completed. Several of the items of which defendants complained include a power cord which was not on the stove when they moved in and water piping under the kitchen sink was non-existent and, therefore, water ran on the floor when they turned on the spigot. Defendants claim that the plaintiff's agent, Bruce Orwig, indicated that he would take care of the fireplace so that it could be used to heat the home. However, it was never cleaned or repaired so that the defendants could use it as a heating source.

It is clear that under Pennsylvania Law, leases are governed by contract law. *Stonehedge Square Limited Partnership v. Movie Merchants Inc.,* 454 Pa. Super. 468, 685 A.2d 1019 (1996). Defendants argue that under the terms of the lease, garbage disposal was to be included in their rent payment. The plaintiff did not dispute this. Accordingly, we believe that the defendants are entitled to an abatement of their rent due to the failure of the plaintiff to provide garbage disposal service for the leased premises.

In addition, the defendants argue that the plaintiff's agent's oral promises to fix the fireplace caused their electric bill to be higher during the winter months for heating and that their use of the fireplace would have reduced the heating bill incurred for the leased premises. Pennsylvania courts have held that a tenant's obligation to pay rent was mutually dependent on express covenants of a landlord to repair and that a material breach of a landlord's covenant to repair relieved a tenant from his obligation to pay. *Pugh v. Holmes,* 486 Pa. 272, 284, 405 A.2d 897, 902 (1979). At trial, Guy Laurin testi-

fied on behalf of the defendants and indicated that he dealt with some problems at the leased premises including painting, fireplace, drainage and a bathroom leak. Mr. Laurin indicated that the fireplace was not in working order and that it was inconvenient for him to come up for constant repairs on the leased premises. We find Mr. Laurin's testimony to be credible on this issue and the plaintiff did not present any testimony to refute Mr. Laurin or the defendants' allegations that the fireplace was not in working order. We find defendants credible that plaintiff, through her agent, agreed to repair the fireplace to working order, which was never completed. Although the defendants would have us believe that the premises was uninhabitable, we find that the testimony at trial indicated that the defendants viewed the property prior to leasing the property and that they testified that although it was inconvenient, they were able to live at the leased premises. The implied warranty is designed to ensure that a landlord will provide facilities and services vital to life, health and safety of the tenant as used for premises for residential purposes. *Pugh v. Holmes,* 486 Pa. at 289, 405 A.2d at 905. In order to have a breach of implied warranty, it would be of the nature and the kind which would prevent the dwelling for its intended purposes to provide habitation for its dwellers.

## III. CONCLUSIONS OF LAW

(1) The plaintiff has established by a preponderance of the evidence that the tenants failed to make rental payments for the leased premises or deliver possession of the leased premises upon request.

(2) The defendants have established that they are entitled to an abatement of the rent due to the failure of the plaintiff to provide garbage disposal services and to repair the fireplace pursuant to an oral agreement by plaintiff's agents. The defendants are entitled to a two-month abatement of the rent, or $1,350.

(3) The plaintiff is entitled to possession of the leased premises.

## ORDER

And now, May 26, 2006, it is ordered as follows:

(1) The court finds in favor of the plaintiff, Gloria Orwig, and against defendants, Ronald Sakalas and Michelle Sakalas, with respect to the ejectment for possession of the premises located at 1103 Gum Road, Effort, Monroe County, Pennsylvania.

(2) The court finds in favor of the defendants, Ronald Sakalas and Michelle Sakalas, for an abatement of rent in the amount of $1,350.

(3) The court finds in favor of the plaintiff for the amount of rent due under the terms of the lease in the amount of $3,770.

(4) Each party shall bear their own costs in this proceeding.